**Idriz ZEQUIRAJ, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

**No. 06–1653–AG.**

United States Court of Appeals, Second Circuit.

Nov. 3, 2006.

**60**

Charles Christophe, New York, NY, for Petitioner.

Marty J. Jackley, U.S. Atty., Jan L. Holmgren, Asst. U.S. Atty., Sioux Falls, SD, for Respondent.

Present: THOMAS J. MESKILL, JON O. NEWMAN, ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Idriz Zequiraj, native and citizen of the former Yugoslavia, seeks review of a March 21, 2006 order of the BIA affirming the November 30, 2004 decision of Immigration Judge ("IJ") Robert D. Weisel denying the petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Idriz Zequiraj*, No. A 97 835 827 (B.I.A. Mar. 21, 2006), *aff'g* No. A 97 835 827 (Immig. Ct. N.Y. City Nov. 30, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in some respects but not others, this Court reviews the IJ's decision as modified by the BIA decision, minus those arguments for denying relief that were rejected by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). The Court reviews questions of law *de novo*, including "what evidence will suffice to carry any asylum applicant's burden of proof." *Islami v. Gonzales*, 412 F.3d 391, 396 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, the Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158–60 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

Here, the BIA properly determined that Zequiraj failed to establish past persecution. The BIA has defined persecution as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985), *overruled, in part, on other grounds, INS v. Cardoza–Fonseca*, 480 U.S. 421, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987); *accord Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 340–41 (2d Cir.2006). The courts have generally rejected claims of past persecution based on unfulfilled threats alone. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir.2002) (stating that a "threat of detention ... itself ... is not past persecution").

Zequiraj's admission that he had never been physically harmed or tortured while in Kosovo, therefore supports the BIA's determination that Zequiraj failed to establish past persecution.

Additionally, in order to establish past persecution, the harm or suffering must be inflicted in order to punish the individual for possessing a belief or characteristic the persecutor seeks to overcome, and inflicted either by the government of a country or by persons or an organization that the government is unable or unwilling to control. *Acosta*, 19 I. & N. Dec. at 222; *accord Rizal v. Gonzales*, 442 F.3d 84, 92 (2d Cir.2006); *Pavlova v. INS*, 441 F.3d 82, 91 (2d Cir.2006); *Ivanishvili*, 433 F.3d at 342. Although Zequiraj's testimony establishes that the threats against him occurred due to his participation in the Democratic Party, the Country Report indicates that when leaders of the various political parties received threatening letters, "local observers often blamed these attacks on rival political party members," but "[n]onpolitical motives, including clan rivalry and common criminality, were also suspected." Because it cannot be determined with certainty whether the threats were inflicted by either the government of Kosovo or by persons or an organization that the government was unable or unwilling to control, Zequiraj failed to meet the burden for establishing past persecution.

Zequiraj also failed to demonstrate that he had a well-founded fear of future persecution. The BIA correctly noted that Zequiraj's father and siblings remained in Kosovo apparently unharmed, despite their membership in the Democratic Party. The record also supports the BIA's determination that the documentary evidence submitted failed to corroborate Zequiraj's claim that Democratic Party members were singled out for persecution in Kosovo.

Because Zequiraj was unable to establish the past persecution or well-founded fear of future persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003).

Even though Zequiraj failed to appeal his CAT claim to the BIA, the BIA affirmed the IJ's CAT finding. The BIA's consideration of the claim thereby mooted any concerns of exhaustion. *See Waldron v. INS*, 17 F.3d 511, 515 n. 7 (2d Cir.1993); *Xian Tuan Ye v. Dep't of Homeland Security*, 446 F.3d 289, 296–97 (2d Cir.2006). In this case, the BIA affirmed the IJ's determination that Zequiraj failed to establish his eligibility for CAT relief by stating, "We ... affirm the Immigration Judge's determination that the respondent failed to prove that ... a clear probability of torture exists if he returns to his country." On appeal to this Court, the petitioner cites to his testimony concerning threats by "[u]nknown people," [JA 54] but did not provide any evidence that he faces a likelihood of torture, much less the required clear probability of torture. The CAT claim was properly denied.

Accordingly, Zequiraj' s petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).